UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMES S.D. HOLT,                          )
                                          )
                    Plaintiff,            )
                                          )
           v.                             )      No. 2:26-cv-00044-JRO-MG
                                          )
CENTURION HEALTH, et al.,                 )
                                          )
                    Defendants.           )

## ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL JUDGMENT

The Court reviewed the complaint filed by plaintiff, James S.D. Holt, and ordered him to show cause why the action should not be dismissed because his complaint could not proceed as presented. Dkt. 7. Mr. Holt has filed his response. Dkt. 9.

In his complaint, Mr. Holt seeks to proceed on behalf of the estate of his father, Roger Nicholson. Dkt. 1. Mr. Holt's response argues that he is the "sole living heir" to his father's estate, and the only living beneficiary. Dkt. 9. The Court also instructed Mr. Holt that if he was the sole beneficiary, his response should address whether he is able to represent the estate pro se. Dkt. 7 at 2. Mr. Holt has not addressed this in his response. Dkt. 9.

Mr. Holt has not claimed to be the executor or administrator of his estate. Only the executor or administrator of an estate has standing to sue on its behalf. Mr. Holt did not allege that he is either, or that an open estate even exists. Even if he is the only beneficiary, it does not give him standing to sue on behalf of the

estate's interests.  *See Hunter v. Pepsico, Inc.*, 631 F. App'x 445, 446 (7th Cir. 2015) (applying the relevant State law for Illinois and New York that beneficiaries/heirs/next of kin have no standing to sue on behalf of the estate). In Indiana, a beneficiary or heir has no independent cause of action without opening an estate, as such authority to bring lawsuits is vested with the personal representative of an estate.  *See Inlow v. Henderson, Daily, Withrow & Devoe*, 787 N.E.2d 385 (Ind. Ct. App. 2003) (heirs may not maintain a suit independent of the personal representative and without probate court authority); Ind. Code § 29-1-13-3 (personal representative has full power to maintain any suit); Ind. Code § 34-23-1-1 (personal representative must commence an action for wrongful death).  Rather, "a personal representative of an estate is regarded as a trustee appointed by law for the benefit of and the protection of creditors and distributees of that estate."  Ind. Code § 29-1-1-3; *In re Bender*, 844 N.E.2d 170, 178 (Ind. Ct. App. 2006), *reh'g denied, trans. denied.*

This case cannot proceed as presented.  Mr. Holt cannot represent the interests of another as a non-attorney.  28 U.S.C. § 1654; *Rhodes v. Jeffersonville Bldg. Comm'r*, No. 4:24-CV-00055-TWP-KMB, 2024 WL 2722878, at *2 (S.D. Ind. May 28, 2024).  Therefore, this action is **DISMISSED without prejudice**.

Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 3/30/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

2

Distribution:

JAMES S.D. HOLT
239390
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
21390 Old State Road 37
BRANCHVILLE, IN 47514